IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LISA GRAHAM, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 05-3397-JTM |
| | ) |
| NATHAN VAN DYKE, *et al*. | ) |
| | ) |
|        Defendants. | ) |

**ORDER**

Before the Court are the Motion to File Evidence Under Seal submitted by interested party the Kansas Department of Corrections (Doc. 54) and Plaintiff's Motion for Definitive Order on Evidence Filed Under Seal (Doc. 60). No responses were filed to these motions and the time for doing so has expired. "If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." **D.Kan. Rule 7.4**. It appears from the language of Plaintiff's motion (Doc. 60) that she may have intended this filing to be a response to the Department of Corrections' motion (Doc. 54) rather than be

1

considered as a separate motion.  As such, the Court will examine the motions contemporaneously and on substantive grounds.

The Department of Corrections' Motion to File Evidence Under Seal (Doc. 54) seeks an Order allowing it to file under seal two exhibits to the Martinez report prepared in this case – Plaintiff's medical records (Exh. 6) and a DVD of the use of force to move her to another cell and to remove her clothing (Exh. 8).  The Court finds this motion to be meritorious.  Plaintiff's privacy concerns are clearly implicated by the exhibits at issue.  Further, in Plaintiff's motion, she states that she does not object to these exhibits being "filed under seal from the public . . ." (Doc. 60, ¶ 2.)  As such, the Department of Corrections' motion (Doc. 54) is **GRANTED**.  The Department of Corrections is hereby Ordered to file one copy of Exhs. 6 and 8 to the Martinez report with the Clerk of the District Court, pursuant to District Court of Kansas local rule 5.4.6, in an envelope clearly and conspicuously marked "Sealed."[1]  The Department of Corrections is also directed to serve copies of the sealed documents and DVD at issue on Plaintiff pursuant to Fed.R.Civ.P. 5.

---

[1] Because of the nature of the exhibits and the fact that Plaintiff is *pro se*, the two exhibits are to be filed under seal in a sealed envelope rather than filed under seal electronically as provided by Standing Order 07-03 which will become effective on July 19, 2007.

Plaintiff contends in her motion that "it would be a prejudicing error, substantially affecting the progress of her case if the evidence was sealed, from her, in violation, leaving her in a disabilitating [sic] position of insufficient evidence." (Doc. 60, ¶ 3, citations omitted.)  Plaintiff requests permission to view the DVD (Exh. 8) and for the Court to "appoint her counsel pursuant to Rule 83.5.3.1, to act as custodian to retain all exhibits, on her behalf, for evidence placed in exhibit by respondents." (*Id.*, at ¶ 5.)  Pursuant to the Court's ruling above, however, Plaintiff is to receive from the Department of Corrections copies of the exhibits to be filed under seal.  Thus, she will not be prejudiced in any way by the sealing of the exhibits at issue.  To the contrary, her privacy interests will be protected.  Her motion (Doc. 60) is, therefore, **DENIED** as moot.

The Court also denies Plaintiffs' request to appoint counsel "to act as custodian to retain all exhibits, on her behalf, for evidence placed in exhibit by respondents." (*Id.*, at ¶ 5.)  The Court sees no reason, and Plaintiff has failed to provide any explanation, as to why Plaintiff cannot retain and manage the exhibits she receives in this case.  Therefore, this request is also **DENIED**.

**IT IS THEREFORE ORDERED** that the Department of Corrections Motion to File Evidence Under Seal (Doc. 54) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Definitive Order on Evidence Under Seal (Doc. 60) is **DENIED**.

IT IS SO ORDERED.

Dated at Wichita, Kansas this 17th day of July, 2007.

   s/ DONALD W. BOSTWICK
United States Magistrate Judge