IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LISA GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-3397-JTM |
| | ) |
| NATHAN VAN DYCKE, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

This matter comes before the court on plaintiff's motion for reconsideration (Dkt. No. 72), plaintiff's motion for leave to file motion for reconsideration out of time (Dkt. No. 75), and the Tenth Circuit Court of Appeals' direction. For the reasons below, the court finds plaintiff's motion for leave to file out of time moot, denies plaintiff's motion for reconsideration on the merits, and enters a new scheduling order for defendants Meiers, McClennahan, and Pringle.

*1. Motion for Leave to File Motion for Reconsideration out of Time*

Ms. Graham is a pro se litigant pursuing a § 1983 action against members of the Topeka Correctional Facility. On August 14, 2007, this court granted the defendants' motion for summary judgment. On August 27, 2007, Ms. Graham filed a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 72). On that same day, Ms. Graham also filed a premature notice of appeal to the Tenth Circuit (Dkt. No. 73). On August 30, 2007, Ms. Graham filed a motion for leave to file motion for reconsideration out of time pursuant to Fed. R. Civ. P. 6(b)(2), due to the fact that her Rule 59(e) motion was filed late (Dkt. No. 75). In

that motion, Ms. Graham asks the court to consider her leave, pursuant to Federal Rules of Civil Procedure 6(b)(2) and 59(e).

Rule 59(e) provides that motions to alter or amend judgment shall be filed no later than 10 days after the entry of judgment.  Entry of judgment in Ms. Graham's case occurred on August 14, 2007.  Ms. Graham's motion was filed on August 27, 2007, and thus she believed that her motion was three days late.

Ms. Graham proposes to use Rule 6(b)(2) to extend the time for the motion.  This is generally impermissible, however, because Rule 6(b)(2) specifically prohibits an extension of time for motions filed pursuant to Rule 59(e), stating that "[the court] may not extend the time for taking any action under Rules . . . 59(e), except to the extent and under the conditions stated in them."  FED. R. CIV. P. 6(b)(2); *see also Wright v. Hickman*, No. 00-1394, 2002 WL 1165925, at *1 (10th Cir. June 4, 2002).

Nonetheless, Rule 6(a) notes, in part that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  FED. R. CIV. P. 6(a).  Rule 59(e) provides for a 10-day time limit, and thus falls within the extension of Rule 6(a).  August 14, 2007 was a Tuesday, and excluding the Saturdays and Sundays within the 10-day time limit, Ms. Graham actually had until August 28, 2007 to timely file.  Therefore, Ms. Graham's motion for leave to file motion for reconsideration out of time (Dkt. No. 75) is moot.

The issue remaining to consider is whether this court is divested of jurisdiction due to Ms. Graham's premature appeal to the Tenth Circuit.  Federal Rule of Appellate Procedure 4 provides that a Rule 59(e) motion timely filed tolls the time to file a notice of appeal, and thus

the filing of a notice of appeal while such a motion is pending is premature. Further, Appellate Rule 4 provides that a premature appeal is suspended during the pendency of a Rule 59(e) motion and "becomes effective . . . when the order disposing of the last such remaining motions is entered." FED. R. APP. P. 4(a)(4)(B)(I). In short, the Federal Appellate Rules render as ineffective any notice of appeal filed while a Rule 59(e) motion is pending. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989). Thus, this court retains jurisdiction to rule on Ms. Graham's motion for reconsideration.

### 2. Motion for Reconsideration

Because Ms. Graham's motion was filed within ten days of this court's judgment, the motion is considered under Fed. R. Civ. P. 59(e). *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Generally, a motion for reconsideration "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Adams v. Reliance Standard Life Ins. Soc'y*, 225 F.3d 1179, 1186 FN 5 (10th Cir. 2000) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)). Ms. Graham did not attempt to produce newly discovered evidence, and did not demonstrate that this court erred regarding the parties' positions, the facts, or the applicable law. Accordingly, plaintiff's motion for reconsideration (Dkt. No. 72) is denied.

### 3. Reinstatement and Scheduling Order

Defendants Meiers, McClennahan, Pringle's motion for summary judgment (Dkt. No. 68) and memorandum in support of that motion (Dkt. No. 69) have not been adjudicated and are hereby reinstated and should continue pursuant to the following scheduling order. Plaintiff shall file any response to defendants' motion on or before November 2, 2007; defendants shall file any reply on

3

or before November 26, 2007. In this regard, the clerk is directed to reopen the case and reinstate defendants' motion for summary judgment (Dkt. No. 68).

### *4. Plaintiff's Request For a Sealed Order*

The court has before it plaintiff's letter dated August 24, 2007, requesting that the court's Memorandum and Order filed August 14, 2007 be removed from public access. The court interprets plaintiff's letter to be a motion and directs that it be filed and placed under seal.

Plaintiff's motion (Dkt. No. 78) is hereby granted, and the clerk is directed to place the Memorandum and Order of August 14, 2007 (Dkt. No. 70) under seal.

IT IS SO ORDERED this 12th day of October, 2007.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE